NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12065


COMMONWEALTH  vs.  GILMAR BARATIERI.


September 12, 2016.


<u>Supreme Judicial Court</u>, Superintendence of inferior
courts.  <u>Bail</u>.  <u>Surety</u>.


Queila Alcedina Lopes and Angelina Placido acted as
sureties for the defendant, Gilmar A. Bartieri, in the District
Court, and posted a total of $50,000 in bail on his behalf.[1]
After Baratieri subsequently failed to appear for a hearing on
March 30, 2015, a judge ordered the bail forfeited.  Prior to
that, the sureties had filed a motion for return of bail, on the
basis that Baratieri could not appear for the hearing because he
was in Federal custody, on an Immigration and Customs
Enforcement detainer.[2]  The motion was denied.  The sureties then
filed a petition pursuant to G. L. c. 211, § 3, in the county
court, asking the court to order return of bail.  A single
justice denied the petition, and the sureties filed a notice of
appeal.

---

[1] Baratieri was charged with several crimes including
aggravated rape of a child, in violation of G. L. c. 265, § 23A;
and indecent assault and battery on a child under the age of
fourteen, in violation of G. L. c. 265, § 13B.

[2] On the basis of the record before us, it appears that,
shortly after the defendant was taken into Federal custody, he
appeared before an immigration judge, admitted to overstaying
his visa, and requested an order of removal to Brazil, his
native country.  The judge ordered the defendant removed, and
the defendant subsequently left the United States for Brazil on
April 29, 2015.

After their appeal was entered in this court, the sureties filed a brief.[3] Their brief contained no explanation of why the matter was suitable for consideration pursuant to G. L. c. 211, § 3. The Commonwealth, in turn, filed a document indicating that it did not intend to file a responsive brief because, it claimed, the sureties had failed to comply with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The sureties have now filed a "petition" to appeal pursuant to rule 2:21. It is questionable whether the trial court ruling from which the sureties seek relief is "interlocutory," for purposes of rule 2:21, and thus questionable whether the rule applies here. Regardless, it is evident that the sureties had an adequate alternative remedy. As the Commonwealth noted in its opposition to the sureties' G. L. c. 211, § 3, petition, bail forfeiture issues are typically resolved through the normal appellate process. See Commonwealth v. Bastidas, 81 Mass. App. Ct. 1124 (2012) (memorandum and order pursuant to rule 1:28) (surety's appeal from denial of motion to return bail); Commonwealth v. Gomez, 78 Mass. App. Ct. 569 (2011) (defendant's appeal from bail forfeiture order). See also Commonwealth v. Bautista, 459 Mass. 306, 310 (2011) (surety appealed to Appeals Court from denial of motion to return bail; Supreme Judicial Court transferred appeal on its own motion).

To the extent that the sureties have even addressed in their petition the issue of an adequate alternative remedy, they argue only that because the defendant has been deported, further action in the trial court is "unlikely." This may well be so, but it does not negate the fact that the Appeals Court, and not this court, is the proper place to challenge a bail forfeiture ruling in the first instance. We see no reason why the sureties could not have appealed directly to the Appeals Court from the denial of their motion for return of the bail at the time that ruling occurred. The ruling may have been "interlocutory" in the theoretical sense that the underlying criminal case was still ongoing, but as to the nonparty sureties, it was a final order that resolved the matter entirely. This case does not present the type of exceptional circumstance that requires the exercise of this court's extraordinary power of general superintendence pursuant to G. L. c. 211, § 3.

Judgment affirmed.

---

[3] The sureties were represented by counsel throughout the proceedings, in both the trial court and this court, relevant to their efforts to have bail returned.

The case was submitted on briefs.

_Adriana Contartese_ for the petitioners.

_Erin J. Anderson_, Assistant District Attorney, for the Commonwealth.